IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MINOR, CF, by and through his natural parents Carl Fletcher and Ralonda Bradley | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09-0555-CV-W-DGK |
| v. | ) ) | |
| ELI LILLY, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. Doc. 34. On December 10, 2009, the Court entered summary judgment on Plaintiffs' initial complaint in favor of Defendant, Eli Lilly, Inc, based on Plaintiffs' deemed admissions that Minor CF never received a vaccine containing thimerosal manufactured by Defendant. Doc. 31. The Court also denied Plaintiffs' then-pending Motions to Amend and for a Rule 56(f) Continuance based on a failure to properly plead fraud and failure to comply with Rule 56(f)'s requirements, respectively. *Id.* Since the latter denials were without prejudice, the Court held this Order in abeyance to allow Plaintiffs time to remedy these issues.

On January 4 and 8, 2010, before the abeyance ended, Plaintiffs filed the pending Motion, along with a new Motion for 56(f) continuance. Docs. 34, 38. The Court has considered these Motions in conjunction with Defendant's Suggestions in Opposition. Docs. 39-40. For the reasons discussed herein, these Motions are DENIED. In accordance with the Court's Order of December 10, summary judgment in favor of Defendant is GRANTED.

**Background**

A more complete history of this case is recounted in the Court's December 10 Order. However, a brief recap is appropriate. Plaintiffs allege that Minor CF received vaccines containing thimerosal, a mercury preservative, which caused numerous injuries, such as "Pervasive Developmental Delay…significant speech delay, fine motor and social developmental delay and bowel disease." Doc. 34-1 at 2. The Court granted summary judgment to Defendant on his products liability claims because Plaintiffs did not dispute, and therefore admitted that CF never received any thimerosal manufactured by Defendant. This is fatal to a products liability case under Missouri law, which requires that the product have been sold by the defendant in the course of business. *Engel v. Corrigan Co.-Mech. Contractors, Inc.,* 148 S.W.3d 28, 30 (Mo. Ct. App. 2004).

**Discussion**

**A. Plaintiff's Motion for Leave to Amend is Denied as Futile**

Plaintiffs seek leave to amend to add claims of "intentional misrepresentation, intentional concealment, conspiracy and negligent misrepresentation." Though leave of court is required to amend the complaint at this point, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, justice does not require futile amendments. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557-58 (8th Cir. 2006) ("denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, *futility of the amendment* or unfair prejudice to the opposing party.") (emphasis added) (citation omitted). *See also In re Senior Cottages of America, LLC,* 482 F.3d 997, 1001 (8th Cir. 2007) (stating that denial of leave to amend based on futility is appropriate in the face of a legal finding that the proposed complaint could not survive a Rule 12 motion). Defendant argues that Plaintiff's

proposed new causes of action are futile for several reasons. First, Defendant claims that the fraud claims amount to "Fraud on the FDA" allegations which are pre-empted by federal law. Second, Defendant claims that Plaintiffs have failed to state a fraud claim, whether intentional misrepresentation, negligent misrepresentation, or fraud by concealment. Finally, Defendant claims that Plaintiffs' proposed new causes of action are time barred. Since the Court finds that these claims are time-barred, it does not reach the substantive issues of whether Plaintiffs have stated a claim under state law.

Missouri's statutory limitation on the time in which a fraud claim must be brought is best described as a statute of repose, rather than a statute of limitations. *Schwartz v. Lawson,* 797 S.W.2d 828, 835 (Mo. Ct. App. 1990). *See also* Mo. Rev. Stat. § 516.120(5) (setting the predicate period at five years and requiring further that "An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud"). In other words, potential fraud plaintiffs have ten years to discover the fraud, at which point the five year limitation period begins to run. An action for fraud cannot be brought more than fifteen years after the facts constituting the fraud, regardless of when those facts are discovered. Plaintiffs initially filed this complaint on July 13, 2009. Doc. 1. However, even giving Plaintiffs the benefit of the later date, assuming that the Court approved the amended complaint and docketed it tomorrow, Plaintiffs would have to allege some facts giving rise to a fraud claim occurring on or after March 23, 1995. Upon review of Plaintiffs' proposed amended complaint, the most recent factual allegation giving rise to a fraud claim allegedly occurred in the 1980s, though no

specific date is given.[1]  Again, giving Plaintiffs the benefit of the latest possible date, any potential Missouri fraud claim expired on December 31, 2004.  Plaintiffs' fraud claims are time-barred and could not survive a Rule 12 motion to dismiss.  As such, the proposed amendment is futile and Plaintiff's Motion to Amend is DENIED.

### B. Plaintiff's Motion for a 56(f) Continuance Fails to Suggest Any Potential Discovery That Would Preclude Summary Judgment in Defendant's Favor

Plaintiffs have also renewed their Motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f).  This rule reads "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may…deny the motion…order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or...issue any other just order."  Plaintiffs initially moved for a 56(f) continuance in response to Defendant's summary judgment motion, but the Court found that the Motion did not satisfy the requirements of the Rule because Plaintiffs did not submit the required affidavits.  Doc. 31 at 9.  Plaintiffs have now remedied that deficiency by filing Documents 32 and 33.  However, as the Court has denied Plaintiffs' Motion to Amend, only the products liability issues are relevant to deciding this Motion.  Plaintiffs have put forth no potential discovery that would seem to change the fact that Minor CF was never exposed to any thimerosal manufactured by Defendant, a fact Plaintiffs are deemed to have admitted.  A 56(f) continuance should not be granted unless it will allow the nonmovant to rebut the "movant's showing of an absence of a genuine issue of fact."  *Humphreys v. Roche Biomed. Lab., Inc.,* 990 F.2d 1078, 1081 (8th Cir. 1993).  Plaintiffs' Motion for 56(f) Continuance is DENIED.

---

[1] Plaintiffs reference the release of Defendant's "Safety Data Sheet" in 1999.  Though incorporated by reference, this fact is not pled in the counts as giving rise to a cause of action.  Furthermore, it appears that Plaintiffs consider this to be the release of accurate information, rather than fraud.

## Conclusion

The Court held its previous Order granting summary judgment in abeyance out of an abundance of caution and to allow Plaintiffs every opportunity to plead a viable case. Plaintiffs have failed to do that, so their Motions to Amend and for a 56(f) continuance are DENIED. Defendant has shown that there is no genuine issue of material fact before the Court, and the Court therefore enters summary judgment in Defendant's favor in accordance with its December 10 Order. All other motions are hereby discharged.

**IT IS SO ORDERED**

Dated: March 22, 2010                     /s/ Greg Kays
                                          GREG KAYS,
                                          UNITED STATES DISTRICT JUDGE